IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | CRIMINAL NO. 6:25-CR-00056-ADA |
| § | |
| AMY ROGERS § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the district judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the petition of the United States Probation Office recommending the revocation of the defendant's term of supervision. The district judge referred the matter to the undersigned for the preparation of a report and recommendation.

**I.  PROCEDURAL BACKGROUND**

On July 6, 2022, Amy Rogers was sentenced in the Western District of Texas, Austin Division, to 63 months in prison with 4 years of supervised release to follow, for the offense of Conspiracy to Possess with Intent to Distribute 50 Grams of More of Methamphetamine, a Class B Felony. The defendant's supervised release began on February 7, 2025.

On September 22, 2025, the United States Probation Office filed an Amended Petition for Warrant or Summons for Offender Under Supervision, alleging the defendant violated the terms of his supervision in the following ways:

**Violation Number 1:** The defendant violated mandatory condition Number 3, in

that on or about February 12, 2025, the defendant unlawfully used a controlled substance, to wit; marijuana and methamphetamine.

**Violation Number 2:** The defendant violated standard condition Number 8, in that on or about April 29, 2025, the defendant did interact with someone the defendant knew to be engaged in criminal activity.

**Violation Number 3:** The defendant violated mandatory condition Number 1, in that on or about April 29, 2025, the defendant knowingly or intentionally possessed a controlled substance listed in Penalty Group 1, in the amount of one gram or more but less than four grams, in violation of Texas Health and Safety Code 481.115.

**Violation Number 4:** The defendant violated standard condition Number 8, in that on or about September 19, 2025, the defendant did interact with someone the defendant knew to be engaged in criminal activity.

On September 30, 2025, the Court held a hearing on the petition. At the hearing, the defendant pled TRUE as to violation number 1, 2, and 4 and NO CONTEST to violation number 3. The petition contained a sufficient factual basis to support a plea of TRUE as to violation number 1, 2, and 4 and NO CONTEST to violation number 3.

## II. FINDINGS OF THE COURT

Based on the sworn statements of the defendant and other testimony at the hearing, the undersigned finds as follows:

1. The defendant violated the conditions of her supervision as alleged in the petition.

2. The defendant was competent to make the decision to enter a plea of TRUE as to violation number 1, 2, and 4 and NO CONTEST to violation number 3.

3. The defendant had both a factual and rational understanding of the proceedings against her.

4. The defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea.

5. The defendant was not under the influence of any drugs, alcohol, or medication that would affect her judgment in entering a plea or that would affect her understanding of the basis, consequences, or effect of his plea.

6. The defendant was sane and mentally competent to stand trial for these proceedings.

7. The defendant was sane and mentally competent to assist her attorney in the preparation and conduct of her defense.

8. The defendant received a copy of the petition naming her, and she either read it or had it read to her.

9. The defendant understood the petition and the charges alleged against her.

10. The defendant had a sufficient opportunity to discuss the petition and charges with her attorney.

11. The defendant was satisfied with the job her attorney has done and had no complaints about her attorney.

12. The defendant understood that she had the right to plead NOT TRUE and proceed with a hearing at which she could present evidence and cross-examine witnesses.

13. The defendant freely, intelligently, and voluntarily entered her plea of TRUE as to violation number 1, 2, and 4 and NO CONTEST to violation number 3.

14. The defendant understood his statutory and constitutional rights and desired to waive them.

15. The petition contains a sufficient factual basis to support the defendant's pleas of TRUE as to violation number 1, 2, and 4 and NO CONTEST to violation number 3.

### III.  RECOMMENDATION

The undersigned has carefully considered all the arguments and evidence presented by the parties and **RECOMMENDS** that the defendant's term of supervised release be revoked and that she be sentenced to 18 months custody, with no term of supervised release to follow, and with credit for times served.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The district court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district judge of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district judge. *See* 28 U.S.C. 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** this 1st day of October, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE